IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-647-FL

| | |
|---|---|
| GORDON OUTLAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 24, 27).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE 30) which recommends that the court grant plaintiff's motion, deny defendant's motion, and that defendant's final decision be vacated and remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings. Defendant timely filed objection to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court agrees with the magistrate judge determination that the case must be remanded pursuant to sentence six of 42 U.S.C. § 405(g), as set forth herein.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

**BACKGROUND**

On March 17, 2009, plaintiff filed an application for disability insurance benefits, alleging a disability onset date of March 13, 2009. A hearing was held before an Administrative Law Judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated September 10, 2010. The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied plaintiff's request for review on September 16, 2011. Plaintiff filed his complaint in this court on November 15, 2011, seeking review of the final administrative decision.

**DISCUSSION**

I.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C.

2

§ 636(b)(1). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

(1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 13, 2009. The ALJ then found at step two that plaintiff had two severe impairments: sleep apnea and arthritis. However, at step three the ALJ further determined that these impairments were not sufficiently severe to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

3

Prior to proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff had the ability to perform a reduced range of light work. The ALJ further found that plaintiff was unable to perform her past relevant work. However, at step five, based on testimony of a vocational expert, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff could perform. The ALJ therefore concluded that plaintiff had not been under a disability, as defined in the Social Security Act, at any time from March 13, 2009, through the date of the ALJ decision, September 10, 2010.

II. Analysis

Defendant objects to the magistrate judge's determination that the case must be remanded because the Social Security Administration issued a decision on October 26, 2011, concluding that plaintiff had been disabled since September 11, 2010. For the reasons stated below, the court agrees with the determination by the magistrate judge that sentence six remand is required and overrules defendant's objection. The court, however, orders remand on terms somewhat different than those recommended by the magistrate judge.

Under sentence six of 42 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health and Human Services, 953 F.2d 93, 96 (4th Cir.1991). The new evidence must relate "to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). The new evidence need not have existed during that period, but rather must be

4

considered if it has any bearing upon whether the claimant was disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir.1987).

This court in prior decisions has remanded on the same basis presented here, where the Social Security Administration finds the claimant disabled in a period commencing only one day after the first ALJ's denial of disability. See Laney v. Astrue, 7:10-CV-174-FL, 2011 WL 6046312 *2 (E.D.N.C. Dec. 5, 2011); Smith v. Astrue, 5:10-CV-219-FL, 2011 WL 3905509 (E.D.N.C. Sept. 2, 2011). The court finds this same approach especially warranted here, given that the basis for the subsequent decision is disability resulting from mental retardation, which is an impairment characterized by manifestation prior to age 22. See DE 25-1, p. 7 ("claimant has mental retardation initially manifested before age 22"); see also Branham v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985) (mental retardation is "a lifelong condition"). Accordingly, the subsequent decision is material because there is a reasonable possibility that it would have changed the outcome of the prior ALJ determination, where it relates at least in part to the period before the prior ALJ determination. See Wilkins, 953 F .2d at 96; 20 C.F.R. § 404.970(b).

Furthermore, plaintiff had good cause for failing to incorporate the subsequent decision into the record in the first proceeding, given that the subsequent decision issued on October 26, 2011, after the September 16, 2011 date of the Appeals Council's denial of review in this case. See DE 25-1, pp. 1-8.

Defendant objects to the sentence six remand for several reasons. First, defendant argues that the subsequent ALJ decision is not, by itself, "evidence," (Obj. 2-3), citing to a Sixth Circuit decision in which the court concluded that "the mere existence of [a] subsequent decision in [plaintiff's] favor, standing alone, cannot be evidence that can change the outcome of his proceeding." Allen v.

Comm'r of Social Sec., 561 F.3d 646, 653 (6th Cir. 2009). This view, however, is inconsistent with the Fourth Circuit's recent description of "another agency's *disability determination as evidence* of a claimant's condition." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012) (emphasis added). The court described "*all record evidence* relevant to a disability determination" as "including *decisions* by other agencies." Id. (emphasis added). Although the Fourth Circuit was addressing subsequent decisions by other agencies, if a subsequent decision by another agency is evidence, then it follows that a subsequent decision by the Social Security Administration itself also is evidence. Accordingly, the court overrules defendant's first basis for objection.

Second, related to the first argument, defendant contends that there was not "good cause" to consider the subsequent ALJ decision, because the evidence underlying the decision was available at the time of the first decision. (Obj. 5). But, where the remand is based on the decision itself as evidence, there is good cause for not raising that evidence previously, because the subsequent decision was not made until after the Appeals Council affirmed the prior ALJ decision. Thus, the court overrules defendant's second basis for objection.

Third, defendant argues that even if a subsequent decision is "evidence," it is not "material." (Obj. 3-4). Defendant states "[i]t is difficult to see how a prospective award of benefits for a later time period would change the outcome of the prior case here." (Obj. 4). But, as set forth in the M&R and in this court's prior decisions, a subsequent decision finding disability commencing one day after the prior denial of disability calls into question whether all relevant impairments properly were considered in the prior determination. See M&R 6; Smith, 2011 WL 3905509 *3. Further, the subsequent decision is especially relevant when one of the impairments that formed the basis for

6

the subsequent decision is a "lifelong condition" that meets the criteria under Listing 12.05(C). Branham, 775 F.2d at 1274. Accordingly, the court overrules defendant's third basis for objection.

Finally, defendant argues that the "substantial evidence" review standard in Social Security cases allows seemingly inconsistent decisions to stand, and that under this standard the court should uphold the first ALJ decision even if it is inconsistent with the subsequent ALJ decision. (Obj. 5). This may be true as a general matter. But, the determination that a sentence six remand is required is separate from the determination that substantial evidence supports the first ALJ decision. In particular, sentence four of § 405(g) authorizes the court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence six, by contrast, provides in pertinent part that

> The court . . . may *at any time* order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based."

42 U.S.C. 405(g) (emphasis added). As such, the court may order a sentence six remand prior to reaching a determination as to whether the ALJ's decision was supported by substantial evidence. See Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991) (noting that on sentence six remand "[t]he district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination"). The Commissioner is free to make a determination consistent with the first ALJ's decision, if consideration of all the evidence still

7

supports that conclusion. See 42 U.S.C. § 405(g). Accordingly, where a sentence six remand in this case does not interfere with application of the substantial evidence standard, the court overrules defendant's fourth basis for objection.

## CONCLUSION

Based on the foregoing, the court ADOPTS the findings of the magistrate judge, GRANTS plaintiff's motion for judgment on the pleadings (DE 24), DENIES defendant's motion for judgment on the pleadings (DE 27), and REMANDS to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the Social Security Administration decision dated October 26, 2011 (DE 25-1). Following remand, the Commissioner must return to this Court to file any additional or modified findings and any transcript of additional record upon which the modification or affirmance of the prior decision is based, pursuant to sentence six of 42 U.S.C. § 405(g).

SO ORDERED this the 28th day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge

8